

## U.S. Department of Justice

Office of the Solicitor General

---

*The Solicitor General*                                          *Washington, D.C. 20530*

November 25, 2025

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, DC  20515

     Re:     Race-Based Presumption in the Small Business Administration's 8(a) Program

Dear Mr. Speaker:

     Consistent with 28 U.S.C. 530D, I write to advise you that the Department of Justice (Department) has concluded that certain aspects of the Small Business Administration's Minority Small Business and Capital Ownership Development program (known as the 8(a) program) violate the Constitution, that the Department will no longer defend those aspects of the program in court, and that the Department will be taking that position in ongoing litigation.  See *Ultima Servs. Corp.* v. *U.S. Dep't of Agric.*, No. 20-cv-41 (E.D. Tenn.); *Hierholzer* v. *Loeffler*, No. 23-cv-24 (E.D. Va).  Specifically, the Department has determined that regulations implementing the 8(a) program are unconstitutional to the extent they create a presumption that an individual is "socially disadvantaged" based solely on his membership in a racial group.

     Congress enacted the 8(a) program as part of the Small Business Act, 15 U.S.C. 631 *et seq.*  Under the program, the Small Business Administration (SBA) awards various government contracts, and provides other benefits, to small businesses owned and controlled by "socially and economically disadvantaged individuals." 15 U.S.C. 637(a)(4); see 15 U.S.C. 636(j), 637(a)(1). The Act's implementing regulations establish a "rebuttable presumption" that "Black Americans," "Hispanic Americans," "Native Americans," "Asian Pacific Americans," "Subcontinent Asian Americans," and "members of other groups designated from time to time by SBA" are "socially disadvantaged." 13 C.F.R. 124.103(b)(1).  In *Ultima* and *Hierholzer*, plaintiffs have challenged the constitutionality of the regulations' race-based presumption, arguing that it violates the equal protection component of the Fifth Amendment's Due Process Clause.

     In *Students for Fair Admissions, Inc.* v. *President & Fellows of Harvard College*, 600 U.S. 181 (2023) (*SFFA*), the Supreme Court held that race-based preferences in the admissions programs at Harvard and the University of North Carolina violated the Fourteenth Amendment's Equal Protection Clause. *Id.* at 213.  In so holding, the Court rejected the argument that race-based admissions programs can be justified by the government's interest in "remedy[ing] the effects of societal discrimination." *Id.* at 226.  In addition, the Court explained that by relying on "racial categories" that were "arbitrary," "overbroad," and "underinclusive," the admissions

programs at issue had "fail[ed] to articulate a meaningful connection between the means they employ and the goals they pursue." *Id.* at 215-216. The Court also emphasized that the programs' reliance on race had no "logical end point." *Id.* at 221 (citation omitted).

The Department has now reevaluated its litigating position in *Ultima* and *Hierholzer* and has determined that the regulations implementing the 8(a) program are unconstitutional to the extent they create a presumption that an individual is "socially disadvantaged" based solely on his membership in a racial group. The Department had previously defended the regulations' race-based presumption by pointing to societal discrimination against minority-owned businesses generally. See, *e.g.*, D. Ct. Doc. 62, at 8-25 (June 21, 2022), *Ultima, supra* (No. 20-cv-41); D. Ct. Doc. 20, at 24-25 (Mar. 20, 2023), *Hierholzer, supra* (No. 23-cv-24). Consistent with *SFFA*'s rejection of a similar justification in the university-admissions context, the Department has determined that an interest in remedying the effects of societal discrimination does not justify the regulations' use of a race-based presumption. The Department has also determined that, like the admissions programs at issue in *SFFA*, the regulations' race-based presumption relies on arbitrary, overbroad, and underinclusive racial categories and lacks any logical end point. For those reasons, the Department will no longer defend the constitutionality of the regulations' race-based presumption. The Department, however, continues to defend other aspects of the 8(a) program that employ race-neutral criteria for determining social disadvantage.

Please let me know if I can be of further assistance in this matter.

Sincerely,

*D. John Sauer*

D. John Sauer
Solicitor General