**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| REVIER TECHNOLOGIES, INC., *et al.,*<br><br>*Plaintiffs*,<br><br>v.<br><br>LOEFFLER, *et al.*,<br><br>*Defendants.* | CASE NO. 2:25-cv-02328<br>JUDGE ST. JOHN<br>MAG. NORTH |

**NOTICE REGARDING MATERIALS ABSENT FROM**
**DEFENDANTS' CERTIFIED ADMINISTRATIVE RECORD**

Defendant-Intervenors Sage Services Group and GovContractPros respectfully provide notice of the additional documents Defendant-Intervenors may rely on in response to Plaintiffs' complaint.[1]

On September 4, 2026, Government-Defendants produced an administrative record consisting of "the supporting materials for SBA's Final Rule, *8(a) Business Development/Small Disadvantaged Business Status Determinations*, at 63 Fed. Reg. 35,726 (June 30, 1998) ("1998 Final Rule")" available to Government-Defendants. ECF No. 53. In addition to the administrative record provided by the Government, Defendant-Intervenors may cite and rely on documents like those listed below and attached hereto as Exhibit A. Defendant-Intervenors respectfully submit

[1] The Court's July 21, 2026 Case Management Order provides that "within 15 days of the filing of the administrative record, Plaintiffs shall file a statement regarding the completeness of the administrative record." ECF No. 52. The Case Management Order further instructed that "[i]f Plaintiffs contend that the administrative record is incomplete in any way, Plaintiffs shall describe the alleged omitted documents and shall set forth the basis for the contention that the documents were improperly omitted. If Plaintiffs possess the documents, copies shall be proffered to the Court along with such statement, subject to Defendants' right to object." *Id.* On September 21, 2026, Plaintiffs stated "that they are not aware of any documents that Defendants improperly omitted from the administrative record, per the governing standard from *Medina County Environmental Action Ass'n v. Surface Transportation Board*, 602 F.3d 687, 706-07 (5th Cir. 2010)." ECF No. 54. Though the Case Management Order was silent as to Defendant-Intervenors, Defendant-Intervenors submit this notice as a courtesy to the Court and the parties.

that the Court should consider these additional documents to aid its review of Plaintiffs' claims.

Plaintiffs allege that "[t]he SBA's decision to create a presumption that all members of certain races are socially disadvantaged is…unsupported by the record and is therefore arbitrary and capricious." *Id.* ¶ 153. The additional documents Defendant-Intervenors may rely on detail the invidious racial discrimination that compelled the government to create the rebuttable presumption, including various pre-1998 congressional hearings that the agency should have considered during its rule making. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (supplementation of the administrative record is permissible when the district court needs "'background information' in order to determine whether the agency considered all the relevant factors").

Plaintiffs also allege that the rebuttable presumption "violates the Equal Protection Clause of the Fourteenth Amendment and Plaintiffs' Fifth Amendment Due Process rights to equal treatment."[2] Compl. ¶ 121. A review of the constitutionality of the rebuttable presumption's racial classifications requires analysis of the regulation under the strict scrutiny doctrine. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995) ("[A]ll racial classifications, imposed by whatever federal, state, or local governmental actor, must be analyzed by a reviewing court under strict scrutiny."). Such analyses typically rely on statistical and anecdotal evidence to facilitate the fact-intensive examination of whether specific present discrimination, or the lingering effects of past discrimination, justifies a race-conscious remedy. *See Adarand Constructors, Inc. v. Slater*, 228 F.3d 1147, 1155 (10th Cir. 2000). While certain APA claims are typically limited to the

[2] Plaintiffs challenge the constitutionality of "the SBA Regulation," which Plaintiffs define as "U.S. Small Business Administration, *8(a) Business Development/Small Disadvantaged Business Status Determinations*, 63 Fed. Reg. 35726 (June 30, 1998) (codified at 13 C.F.R. parts 121, 124, and 134)." Compl. at 30. However, Plaintiffs do not allege any infirmities with the regulation outside of the rebuttable presumption. Therefore, for purposes of this filing, Defendant-Intervenors presume Plaintiffs challenge only the constitutionality of the rebuttable presumption, not the entire SBA Regulation. *See also* ECF No. 37 (Defendants represent that "Plaintiffs consent to construing their request for relief as limited to 13 C.F.R. § 124.103(b), and not the broader Section 8(a) program regulation.")

administrative record, courts are entitled to look beyond the administrative record when reviewing direct constitutional challenges, like those put forth by Plaintiffs. *See Hicks v. United States*, No. CV 24-395-SDD-RLB, 2025 WL 2985905, at *4 (M.D. La. July 16, 2025) (citing *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979)).

The additional documents Defendant-Intervenors may rely on consist of information and evidence, including statistical and anecdotal evidence, regarding current and past discrimination in the relevant sector and its lingering effects. Such information and evidence is necessary to evaluate Plaintiffs' constitutional challenges, and without it, the record before the Court will be too sparse for judicial review of Plaintiffs' constitutional claims. *See e.g.*, *id.* (relying on extensive record to uphold constitutionality of the 8(a) regulation); *Majeske v. City of Chicago*, 218 F.3d 816, 821 (7th Cir. 2000) (relying on "statistical and anecdotal evidence of discrimination" to uphold constitutionality of Chicago Police Department's affirmative action plan); *Midwest Fence Corp. v. DOT*, 840 F.3d 932 (7th Cir. 2016) (relying on extensive record, including disparity studies, to uphold constitutionality of presumption of disadvantage in DOT's Disadvantaged Business Enterprises program); *Sherbrooke Turf, Inc. v. Minn. DOT*, 345 F.3d 964, 970 (8th Cir. 2003) (same, relying in part on "evidence of race discrimination in government highway contracting" that Congress spent "decades compiling"); *W. States Paving Co. v. Wash. State DOT*, 407 F.3d 983, 993 (9th Cir. 2005) (same, relying in part on "the substantial body of statistical and anecdotal material"); *N. Contracting, Inc. v. Illinois*, No. 00 C 4515, 2004 WL 422704, at *24 (N.D. Ill. Mar. 3, 2004) (same).

The additional documents Defendant-Intervenors may rely on include, but are not limited to, the following:

1. White House Council of Econ. Advisers, Racial Disparities in Government Contracting (Dec. 20, 2024).

2. *Promoting Opportunity: The Need for Targeted Federal Business Programs to Address Ongoing Racial Discrimination, Field Hearing Before the S. Comm. on Small Business & Entrepreneurship*, 118th Cong. (2024) (S. Hrg. 118-385), https://perma.cc/756Q-6X68.

3. Fed. R.R. Admin., U.S. Dep't of Transp., *Report to Congress Concerning Minority- and Women-Owned Small Businesses in Industries Related to the Rail Transportation Sector* (2023), https://perma.cc/3RPQ-F5D2.

4. Civ. Rts. Div., U.S. Dep't of Justice, *The Compelling Interest to Remedy the Effects of Discrimination in Federal Contracting: A Survey of Recent Evidence* (Jan. 31, 2022), https://perma.cc/T35S-VYB7.

5. *The 8(a) Program: Overview and Next Steps to Promote Small Business Success: Hearing Before the Subcomm. on Contracting & Infrastructure of the H. Comm. on Small Business*, 117th Cong. (2022), https://perma.cc/W8GY-7MFW.

6. *Does Discrimination Exist in Federal Passenger Rail Contracting? Remote Hearing Before the Subcomm. on Railroads, Pipelines, & Hazardous Materials of the H. Comm. on Transportation & Infrastructure*, 117th Cong. (2021) (Serial No. 117-33), https://perma.cc/T4CA-PN6S.

7. *Driving Equity: The U.S. Department of Transportation's Disadvantaged Business Enterprise Program: Remote Hearing Before the H. Comm. on Transportation & Infrastructure*, 116th Cong. (2020) (Serial No. 116-64), https://perma.cc/P6JX-Z6T8.

8. *The Role of the SBA's 8(a) Program in Enhancing Economic Opportunities: Hearing Before the H. Comm. on Small Business*, 116th Cong. (2019), https://perma.cc/S5X4-2V84.

9. *Minority Contracting: Opportunities and Challenges for Current and Future Minority-Owned Businesses: Hearing Before the Subcomm. on Government Management, Organization, & Procurement of the H. Comm. on Oversight & Government Reform*, 111th Cong. (2010) (Serial No. 111-148), https://perma.cc/MNG4-KHNQ.

10. *The Department of Transportation's Disadvantaged Business Enterprise Program: Hearing Before the H. Comm. on Transportation & Infrastructure*, 111th Cong. (2009) (Serial No. 111-18), https://perma.cc/Y4RK-ZPV5.

11. *How Information Policy Affects the Competitive Viability of Small and Disadvantaged Business in Federal Contracting: Hearing Before the Subcomm. on Information Policy, Census, & National Archives of the H. Comm. on Oversight & Government Reform*, 110th Cong. (2008) (Serial No. 110-147), https://perma.cc/9G56-5FK7.

12. *Minority Entrepreneurship: Assessing the Effectiveness of SBA's Programs for the Minority Business Community: Hearing Before the S. Comm. on Small Business & Entrepreneurship*, 110th Cong. (2007) (S. Hrg. 110-211), https://perma.cc/8C34-5PB2.

13. *Proposed Reform of the 8(A) Program Through H.R. 3994, the Entrepreneur Development Program Act of 1996: Hearing Before the H. Comm. on Small Business*, 104th Cong. (1996) (Serial No. 104-92), https://perma.cc/J2H9-P3HP.

14. Proposed Reforms to Affirmative Action in Federal Procurement, 61 Fed. Reg. 26,042, 26,050 (May 23, 1996) (app., The Compelling Interest for Affirmative Action in Federal Procurement: A Preliminary Survey), https://perma.cc/F3LM-LPCJ.

15. *The Small Business Administration's 8(a) Minority Business Development Program: Hearing Before the S. Comm. on Small Business*, 104th Cong. (1995) (S. Hrg. 104-135), https://perma.cc/EPU8-4DVQ.

The copies of the above listed documents are attached in Exhibit A.

Dated: September 21, 2026

Respectfully submitted,

/s/ *Cortney Robinson Henderson*

Cortney Robinson Henderson*
Emily Sue Newton*+
Steven Y. Bressler*
Robin F. Thurston*
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Main: 202-448-9090
crhenderson@democracyforward.org

William Most (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel: 985-441-9355
williammost@gmail.com

Sarah von der Lippe*
(D.C. Bar No. 454585)
Minority Business Enterprise Legal Defense and Education Fund, Inc.
1104 East Capitol St. NE
Washington, D.C. 20002
(202) 744-5415
Outsidecounsel1@mbeldefwatchdog.org

*Counsel for Defendant-Intervenors*
**Admitted Pro Hac Vice*
*+ Of Counsel; located in Colorado; and admitted only in Virginia*